IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| AVERAGE JOE'S ENTERTAINMENT GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOUNDCLOUD, LTD., <br><br> Defendant. | No. 3:16-cv-3294-JPM-jb |

**ORDER GRANTING SUMMARY JUDGMENT FOR SOUNDCLOUD;
TERMINATING SUMMARY JUDGMENT FOR PLAINTIFF AS MOOT;
TERMINATING MOTION FOR HEARING FOR SUMMARY JUDGMENT AS
MOOT**

Before the Court is Defendant SoundCloud, LTD ("SCL")'s Motion for Summary Judgment filed September 7, 2018. (ECF No. 116.) The Court has considered the motion, as well as Plaintiff Average Joe's Entertainment Group, LLC ("AJE")'s response, filed September 28, 2018 (ECF No. 143) and Defendant's reply, filed on October 3, 2018 (ECF No. 150.) For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

**I. BACKGROUND**

    a. **Factual History**

This suit arises out of a digital music file transfer agreement between Plaintiff Average Joe's and Defendant SoundCloud, Ltd. (Compl., ECF No. 1 ¶ 10; Ans., ECF No. 16-1.) SCL

operates the sound-file streaming website and platform "SoundCloud" for users. (Def.'s First Amended Answer and Counterclaim for Declaratory Relief, ECF No. 42 at PageID 316.) The SoundCloud service includes a "copyright fingerprint" feature, named the Content Identification System (CIS), which prevents copyright infringement. (ECF No. 42 at PageIDs 317-19.) The CIS uses a "digital fingerprint" to thwart copyright infringement attempts by comparing a user's proposed audio file upload to SoundCloud's own database of known copyrighted audio files. (Id.)

Plaintiff owns a number of copyrighted songs. (ECF No. 1 at PageID 3.) In 2014, Plaintiff and SCL entered into an agreement through which Plaintiff would transfer its sound files to SCL, and SCL would add the files to its "copyright fingerprint" database. (Id. at PageIDs 3- 4.) Plaintiff alleges that in March 2016, SCL began sharing Plaintiff's copyrighted works with users, in violation of United States copyright law. (Id. at PageID 4.)

### b. Procedural History

On December 22, 2016, Plaintiff filed this complaint in the Middle District of Tennessee against SCL, as well as SoundCloud, Inc. ("SCI") and SoundCloud Operations, Inc. ("SCO"), alleging copyright infringement and contributory copyright infringement. (ECF No. 1.) On February 27, 2017, Defendants filed an answer (ECF No. 11), followed by an amended answer and counter-claim for declaratory judgment on May 3, 2017. (ECF No. 31.) On June 16, 2017, Defendants filed a second amended answer and counter-claim. (ECF No. 42.) On June 30, Plaintiff filed their Answer to the counter-claim. (ECF No. 47.)

On July 17, Defendants filed a motion to dismiss all claims for forum non conveniens, (ECF No. 49), and a motion to dismiss then-Defendants SCI and SCO for lack of jurisdiction and improper venue, (ECF No. 52), as well as two declarations, (ECF Nos. 54-55), an

unredacted forum non conveniens motion, (ECF No. 57), and unredacted exhibits to both July 17 motions. (ECF Nos. 58-59.) On September 18, 2017, the Court entered an order granting Defendants SCI and SCO's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 79.) On October 18, 2017 the Motion to Dismiss for forum non conveniens was denied. (ECF No. 80.)

On September 7, 2018 Plaintiff filed a Motion for Summary Judgment. (ECF No. 109.) Defendant responded on September 28, 2018. (ECF No. 133.) Defendant also filed the instant Motion for Summary Judgment on September 7, 2018. (ECF No. 116.) AJE responded on September 28, 2018. (ECF No. 143.) Defendant's reply was filed on October 3, 2018. (ECF No. 150.) Defendant also filed a Motion for Hearing relating to the Motions for Summary Judgment on October 3, 2018. (ECF No. 151.)

## II. LEGAL STANDARDS

### a. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777, 781 (6th Cir. 2014) (per curiam). "A genuine dispute of material facts exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc., 757 F.3d 540, 543-44 (6th Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

3

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49 (citing Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)).

   b. **Direct Copyright Infringement**

A plaintiff alleging copyright infringement must prove that (1) it owns or is the exclusive licensee of a valid copyright and (2) the alleged infringer violated at least one exclusive copyright right under 17 U.S.C. § 106. Fogerty v. MGM Holdings Corp., Inc., 379 F.3d 348, 352 (6th Cir. 2004) (citing Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)); Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir. 2004).

Courts widely recognize that direct infringement requires "volitional conduct" by the alleged infringer. Consistent with the national trend, the Sixth Circuit has recognized that direct infringement occurs where a defendant intentionally and knowingly copies a copyrighted work. Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 802 (6th Cir. 2005). The volition requirement applies regardless of which exclusive right a plaintiff claims the defendant infringed. See Smith v. Barnesandnoble.com, LLC, 143 F.Supp.3d 115

(S.D.N.Y. 2015) (assembling decisions). The Ninth Circuit recently analyzed the volitional conduct element at length, ratifying the view that it is a basic requirement of causation: "As its name suggests, direct liability must be premised on conduct that can reasonably be described as the direct cause of the infringement." Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (quoting district court's decision in Perfect 10, Inc. v. Giganews, Inc., No. CV–11–07098 AB (SHx), 2014 WL 8628034 at *7 (C.D. Cal. Nov. 14, 2014)).

### c. Contributory Copyright Infringement

In Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., the Supreme Court reformulated the standard for imposing liability for contributory copyright infringement, stating succinctly that "one infringes contributorily by intentionally inducing or encouraging direct infringement." Id., 545 U.S. 913, 930 (2005). Within that general standard, the Court identified two categories of liability, which Justice Ginsburg summarized as follows: "Liability under our jurisprudence may be predicated on actively encouraging (or inducing) infringement through specific acts (as the Court's opinion develops) or distributing a product distributees use to infringe copyrights if the product is not capable of 'substantial' or 'commercially significant' noninfringing uses." Grokster, 545 U.S. at 936-37, 942 (Ginsburg, J., concurring). Under Grokster, a plaintiff must show that the defendant (1) provides a product or service incapable of substantial noninfringing uses or (2) intentionally induces infringement by clear expression or other affirmative steps to foster infringement.

Other circuit courts have found that contributory infringement requires wrongful intent with "purposeful, culpable expression and conduct." Cobbler Nevada, LLC v. Gonzales, No. 17-35041, 2018 WL 4055766, at *4 (9th Cir., Aug. 27 2018) (quoting Grokster, 545 U.S. at 937). A mere failure to act, such as a failure to police an Internet service or a failure to take

5

affirmative steps to prevent infringement, does not suffice for contributory infringement. Id. at *4 (quoting Grokster, 545 U.S. at 939 n.12). Nor does mere knowledge of actual infringing uses of a service suffice. Id. (quoting Grokster, 545 U.S. at 937).

The Sixth Circuit, in Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 401 (6th Cir. 2007), discussed contributory infringement without mentioning Grokster, instead relying on pre-Grokster Sixth Circuit precedent and other earlier decisions. Applying that earlier formulation, the circuit court held that contributory infringement occurs when one, "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." WM Music, 508 F.3d at 400 (citing Bridgeport Music, Inc. v. Rhyme Syndicate, 376 F.3d 615, 621 (6th Cir. 2004), and Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). Contributory infringement does not occur "if the product is widely used for legitimate, unobjectionable purposes." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 442 (1984).

### III. ANALYSIS

#### a. Direct Copyright Infringement

Defendant argues that Plaintiff can point to "no evidence that SoundCloud engaged in a volitional act of direct infringement." (Defendant's Memorandum in Support, ECF No. 122 at PageID 2773.) Plaintiff has uploaded files to SoundCloud or specifically authorized others to upload the files claimed to be infringed. (Plainitff's Response to Defendant's Statement of Undisputed Facts, ECF No. 146 at ¶¶ 140, 142, 144.) SCL asserts that it never uploaded, downloaded, or streamed the audio files as to which Plaintiff alleges its copyrights of were infringed. (Defendant's Memorandum in Support, ECF No. 122 at PageID 2774.)

Plaintiff argues that once SCL launched a subscription service within SoundCloud in March 2016, Defendant received money for the commercial use of AJE's content without any license to do so. (ECF No. 145 at PageID 4936.) Defendant acknowledges that it added a subscription service in March of 2016 and that its agreement with AJE was a non-commercial agreement. (ECF No. 122 at PageIDs 2775-76; ECF No. 120 at ¶ 137.) Plaintiff claims that operating the subscription service without a license authorizing the commercial use of AJE's copyrighted sound recordings was direct infringement of AJE's rights under 17 U.S.C. § 106. (ECF No. 145 at PageID 4937.) Plaintiff acknowledges that it never asked SoundCloud to take its sound recordings off the platform or make them inaccessible to paying subscribers, so AJE's free content was available to all users, regardless of whether they bought a subscription. (Plaintiff's Response to Defendant's Uncontested Facts, ECF No. 146 at ¶ 153.) SoundCloud placed no advertising on AJE's uploads, made no AJE recordings available exclusively to paying subscribers, and shared no revenue with AJE. (Id. at ¶ 154.) Defendant argues that because AJE's works were free, no subscriber was paying for access to those works; subscribers were paying for access to other works that were not otherwise available to them. (Defendant's Memorandum in Support, ECF No. 122 at PageID 2775-76.)

Defendants cite the Ninth Circuit to support the argument that charging fees to access a service does not amount to the sale of particular material and that the provision of access "d[oes] not constitute volitional conduct with respect to any specific material." Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 669 (9th Cir.), cert. denied, 138 S. Ct. 504 (2017). In that case, Perfect 10 claimed copyright infringement because Livewire sold access to all content available on Giganews' servers. (Id.) The Giganews defendants did not even distinguish between ordinary and premium content as SCL does in the present case. (See id.)

7

Giganews also did not directly infringe Perfect 10's copyrights because the plaintiff lacked evidence that "Giganews exercised control (other than by general operation of a Usenet service); selected any material for upload, download, transmission or storage; or instigated any copying, storage, or distribution." (Id. at 670.) SCL argues that the same reasoning applies to SoundCloud and that no volitional conduct has been asserted or supported by AJE. (ECF No. 122 at PageIDs 2775-76.)

Plaintiff's Response to Defendant's Motion for Summary Judgment fails to provide support in the record or guidance with case law that demonstrates a genuine issue of material dispute for their direct infringement claim. (ECF No. 145 at PageID 4936-37.) Plaintiff argues that Defendant "was receiving monetization for the commercial exploitation of content…without any license to do so," but provides no evidence that SoundCloud subscribers were paying for AJE content. (Id.) The facts of how SoundCloud works are not in dispute. Both parties agree that all users can access free content including AJE's content, and that subscribers have access to additional, non-AJE content. (See id.) The Court agrees with the reasoning of Ninth Circuit in Giganews; as a matter of law, selling a subscription for premium music works is not the same as selling or distributing non-premium music works subscribers would have been able to access anyway. (See Giganews, 847 F.3d at 669.)

Like Giganews, SoundCloud does not exercise control of the selection of any material for upload, download, transmission, or storage; users exercise that control. (Giganews, 847 F.3d at 670; ECF No. 120 at ¶¶ 3, 4.) In accordance with the agreement between AJE and SCL, content that AJE uploads to SoundCloud can be provided to other users to "use, copy, listen to offline, repost, transmit, or otherwise distribute…Your Content utilizing the features

of the Platform from time to time, and within the parameters set by [AJE] using the service." (ECF No. 120 at ¶ 30.)

Plaintiff does not address the lack of necessary volitional conduct for direct copyright infringement in their response, and without such evidence Plaintiff cannot establish direct copyright infringement as a matter of law. (See ECF No. 145 at PageIDs 4936-37.) Defendant's motion for summary judgment with respect to direct infringement is, therefore, GRANTED.

### b. Contributory Copyright Infringement

Defendant also seeks summary judgment on the issue of contributory infringement. (ECF No. 122 at PageIDs 2780-84.) Defendant asserts the two standards for indirect infringement mentioned above; one based on Sixth Circuit law from 2004, and another more recent Ninth Circuit standard based on the Supreme Court case Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd, 545 U.S. 913 (2005). Since Grokster is more recent than the Supreme Court precedent the Sixth Circuit has previously applied, this Court will apply the Grokster standard. Under Grokster the plaintiff must show that the defendant (1) provides a product or service incapable of substantial non-infringing uses, or (2) intentionally induces infringement by clear expression or other affirmative steps to foster infringement. (See id. at 936-37, 942.)

The Ninth Circuit has articulated that contributory infringement requires wrongful intent with "purposeful, culpable expression and conduct." Cobbler Nevada, LLC v. Gonzales, No. 17-35041, 2018 WL 4055766, at *4 (9th Cir., Aug. 27 2018) (quoting Grokster, 545 U.S. at 937). A mere failure to act, such as a failure to police an internet service or a failure to take affirmative steps to prevent infringement, does not suffice for

9

Case 3:16-cv-03294   Document 153   Filed 10/17/18   Page 9 of 13 PageID #: 5101

contributory infringement.  Id. at *4 (quoting Grokster, 545 U.S. at 939 n.12).  Nor does mere knowledge of actual infringing uses of a service suffice.  Id. (quoting Grokster, 545 U.S. at 937).

Here, AJE has recognized that the SoundCloud platform is capable of many non-infringing uses but argues that SoundCloud allows for infringing content to exist and thrive on the platform.  (Plaintiff's Response to Defendant's Undisputed Facts, ECF No. 146 at ¶ 8.) The first way to establish contributory infringement under Grokster cannot be met if the service is capable of substantial non-infringing uses as it is here.  (Grokster, 545 U.S. at 936-37, 942.)  For AJE's claims to survive summary judgment, Plaintiff must provide evidence that, if believed, would cause a jury to conclude Defendant intentionally induced infringement by clear expression or other affirmative steps to foster infringement.  (See id.)

Plaintiff has responded by arguing that SoundCloud had digital fingerprints of AJE's recorded catalog that gave Defendant actual knowledge of what content was owned by AJE. (ECF No. 145 at PageID 4937.)  While that is true, Plaintiff needs to show that Defendant had knowledge of copyright infringement or that they were actively fostering infringement. Knowledge of what musical works were owned by AJE is not enough (Grokster, 545 U.S. at 936-37, 942).

Plaintiff argues that SoundCloud had fingerprinting systems that could have been used to identify what was being uploaded to SoundCloud.  (ECF No. 145 at PageIDs 4937-38.) AJE argues that the fingerprint system SoundCloud uses might have missed some infringing files.  (Id.)  If Plaintiff is correct and the fingerprint tool did not pick up certain infringing files, then Defendant would not have knowledge of any alleged infringing activity.  Instead of

10

providing evidence that Defendant knew about or facilitated copyright infringement, Plaintiff suggests that Defendant would not have knowledge of the alleged infringement. (Id.)

What Plaintiff has admitted about how SoundCloud works in its Response to Defendant's Statement of Uncontested Facts (ECF No. 146) shows SoundCloud has policies and takes steps to limit and address copyright infringement. SoundCloud has a Content ID system that blocks uploads that exactly or nearly match the "fingerprints" unless a rightsholder has authorized the uploader or the particular file. (Plaintiff's Response to Defendant's Uncontested Facts, ECF No. 146 at ¶ 56.) SoundCloud uses reference files only to prevent unauthorized uploads. (Id. at ¶ 61.) SoundCloud makes a fingerprint of every audio file SoundCloud removes pursuant to an infringement claim so that it can prevent future uploads of the identical files. (Id. at ¶62.) SoundCloud provides a "Deck" tool to users which Plaintiff admits allows specific URLs to be removed but claims there is no means to obtain the specific infringing URLs through Deck. (Thomas Dec. ECF No. 148 at ¶ 17.) Plaintiff acknowledges that SoundCloud has several ways they accept notifications of claimed copyright infringements including submitting a form available on the SoundCloud website, sending an email to SoundCloud to a specific inbox, and by submitting claimed infringements to SoundCloud's designated agent by email, mail, or through the United States Copyright website. (Plaintiff's Response to Defendant's Uncontested Facts, ECF No. 146 at ¶¶ 68-71.) SoundCloud has a designated copyright operations team that responds to notifications of claimed infringement within 24 hours and on average within 2 hours to notifications of claimed infringement. (Id. at ¶¶ 73-74.) SoundCloud has removed over 116,000 files based on notifications of claimed infringement. (Id. at ¶ 81.)

Plaintiff also acknowledges that SoundCloud has a repeat infringer termination policy. (Plaintiff's Response to Defendant's Statement of Uncontested Facts, ECF No. 146 at ¶ 82.) SoundCloud has a three strikes policy for its users where each time a user upload is removed from the platform because of a claim by a rightsholder, the user gets a strike. (Id. at ¶ 85.) After two strikes the user loses the ability to authorize downloads of recordings he uploads. (Id. at ¶ 86.) After three strikes SoundCloud terminates the user's account and prevents the user from registering a new account with the same credentials. (Id. at ¶ 87.) SoundCloud has terminated thousands of accounts based on its three strikes infringer termination policy each year. (Id. at ¶ 88.)

SoundCloud has numerous tools to help prevent and stop copyright infringement and has actively addressed issues of infringement based on what Plaintiff agrees are the undisputed facts above. The second way of showing contributory infringement under Grokster requires evidence that shows SoundCloud intentionally induced infringement by clear expression or other affirmative steps. (Grokster, 545 U.S. at 936-37, 942.) The evidence before the Court points to the opposite conclusion; SoundCloud intentionally established ways to prevent and eliminate copyright infringement. The Content ID, Deck tool, reporting options, and three strikes policy are all affirmative steps against copyright infringement.

Plaintiff points to no evidence in their response that suggests Defendants knew about or actively fostered copyright infringement. (See Plaintiff's Memorandum in Support, ECF No. 145 at PageIDs 4937-38.) Plaintiff does not cite a single case to show that AJE's fingerprint system is evidence that would support a claim of contributory infringement, and does not mention or respond to Grokster or any other case Defendant referenced in its motion

12

for summary judgment. (See id.) Without some evidence of Defendant's knowledge or active encouragement of infringement and of a third party who directly infringed, summary judgment on the issue of contributory infringement must be granted. As a matter of law, Plaintiffs have not identified evidence that, if believed, would allow a jury to conclude the Grokster requirements are met. Defendant's motion for summary judgement on the issue of contributory infringement is GRANTED.

## IV. CONCLUSION

Defendants also move for summary judgment on whether they would qualify for safe harbor under the Digital Millennium Copyright Act. (ECF No. 122 at PageID 2785.) The Court does not address this issue because without a claim of direct or indirect copyright infringement, Defendant does not need to rely on a safe harbor provision.

The Court is aware of Plaintiff's Motion for Summary Judgment filed on September 7, 2018. (EFC No. 109.) They have also moved for summary judgment on the issues of direct infringement and contributory infringement. There is also a Motion for Hearing for Summary Judgement or for a Stay of Pretrial Deadlines filed on October 3, 2018. (ECF No. 151.) Because Defendant's summary judgment motion is granted on the issues of direct and contributory infringement, none of Plaintiff's claims remain. EFC No. 109 and 151 are terminated as moot.

For the above reasons, summary judgement for the Defendant is GRANTED on the issues of both direct and contributory infringement.

**SO ORDERED**, this 17th day of October, 2018.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE