```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                     AT NASHVILLE
```

AVERAGE JOE'S ENTERTAINMENT )
GROUP, INC., )
 )
    Plaintiff )
 ) No. 3:16-3294
v. ) Judge McCalla/Brown
 ) **Jury Demand**
SOUNDCLOUD, LTD., *et al.*, )
 )
    Defendants )

**TO:  THE HONORABLE JON PHIPPS MCCALLA,**
      **UNITED STATES DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the pending motion for attorneys' fees and costs (Docket Entry 160) be **DENIED** without prejudice, with leave to be refiled if appropriate, once the 6th Circuit Court of Appeals has had the opportunity to act on the pending appeal in this matter.

### BACKGROUND

This is a 2016 case between Average Joe's Entertainment Group, LLC and SoundCloud, Ltd. The original suit generated a counter-suit by the defendants against the plaintiff. After full briefing, the defendant's motion for summary judgment (Docket Entry 116) was granted by Judge McCalla and a judgment was entered on behalf of the defendant (Docket Entry 154). A Notice of Appeal was promptly filed (Docket Entry 156) on November 14, 2018, and the matter is currently before the Court of Appeals (Docket Entry 157). Two days after the Notice of Appeal was filed, SoundCloud filed a

detailed Bill of Costs and a motion for attorneys' fees and full costs (Docket Entries 159 and 160).

**LEGAL DISCUSSION**

Rule 54(d) provides the basis for costs and attorneys' fees to a prevailing party in litigation. The commentaries to the 1993 amendment to Rule 54 notes that "if an appeal on the merits of the case is taken, the court may rule on the claim for fee, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."

As Chief Judge Crenshaw noted in *Kryder v. Estate of Rogers*, 321 F.Supp 3d 803, 811-12 (MDTN 2018) "rather than deciding an issue that could ultimately be for naught, or deciding it twice, the court will defer ruling on the request for attorneys fees and costs until after the appeal has run." Citing *Chavez v. Mercantil Commercebank, N.A.*, No. 10-CV-23244, 2012 WL 12861093, at *3(S.D.Fla Aug. 20, 2012).

The briefing on attorneys' fees has already consumed hundreds of pages with detailed billing records. This will require a great deal of the Magistrate Judge's time to rule, would undoubtedly produce objections by one or both sides, and consume additional time by the District Judge, all of which would be for naught if the case were reversed on appeal. As previously stated (Docket Entry 174), it is best to resolve costs and attorneys' fees once, when the case is finally resolved.

2

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the pending motion for costs and attorneys' fees (Docket Entry 160) be **DENIED** without prejudice of being refiled. The Magistrate Judge further **RECOMMENDS** that the parties be allowed twenty-eight (28) days from the issue of mandate in this case by the 6th Circuit Court of Appeals in which to make applications for costs and attorneys' fees.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **fourteen (14) days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **fourteen (14) days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **fourteen (14) days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of February, 2019.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge