## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AVERAGE JOE'S ENTERTAINMENT GROUP, LLC, <br>     Plaintiff, <br> v. <br><br> SOUNDCLOUD, LTD., <br> SOUNDCLOUD, INC., and <br> SOUNDCLOUD OPERATIONS, INC. <br>     Defendants. | 3:16-cv-03294 <br> DISTRICT JUDGE MCCALLA <br> MAGISTRATE JUDGE BROWN |

## SUPPLEMENTAL RESPONSE IN OPPOSITION TO SOUNDCLOUD DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES AND FULL COSTS

In further support of its Response in Opposition to SoundCloud, Ltd., SoundCloud, Inc., and SoundCloud Operations, Inc.'s (collectively "SoundCloud") Motion for Award of Attorney's Fees and Full Costs and Supporting Memorandum (Dkt. 160 – 164) Plaintiff Average Joe's Entertainment Group, LLC, ("AJE") respectfully states the following:

### INTRODUCTION

SoundCloud prevailed on summary judgment, but nothing in the record indicates that AJE acted unreasonably or with ill will in bringing what it believed to be valid infringement claims regarding the use and exploitation of its copyrighted content on and through SoundCloud's digital platform. Nor were AJE's claims brought in bad faith or with improper motive. While SoundCloud argues to the contrary, AJE's case hinged on whether SoundCloud had a license to exploit AJE's digital content and, if so, the scope of that license. Despite the Court finding that AJE misunderstood how SoundCloud exploited AJE's content, how SoundCloud's premium subscription service was distinguishable from the content it provided to the public for free, and which agreement governed SoundCloud's use of AJE's copyrighted content, AJE's litigation position still had a reasonable basis in law and in fact. As a result, SoundCloud is not entitled to

0110932

an award of fees as a matter of course. This litigation is not a case in which awarding attorneys' fees is necessary to deter overly-aggressive assertions of copyright infringement[1], and no evidence exists to support the assertion that AJE's claims were frivolous or unreasonable, even though AJE was ultimately unsuccessful on summary judgment. Finally, nothing in the record suggests that AJE pursued this litigation for reasons inconsistent with the purpose of the Copyright Act. The Copyright Act does not grant an award of attorneys' fees as a matter of right and, as a result, SoundCloud's motion for attorneys' fees and costs in the amount of $2,895,440.50 million should be denied.

## BACKGROUND

This case arose when AJE discovered that SoundCloud was using AJE's copyrighted content in a manner that AJE believed exceeded the scope of the parties' agreement. When AJE began its relationship with SoundCloud, and at all relevant times thereafter, AJE made clear that it had no desire to monetize its content on the SoundCloud platform unless it reached an agreement with SoundCloud to do so. This is evidenced by: AJE's express statements that it did not wish to participate in SoundCloud's 2014 monetization model, which would have resulted in ad placement on AJE's content (Dkt. 113, SUMF 250-256) and, particularly, the absence of any commercial agreement between the parties with respect to SoundCloud's launch of a premium subscription service, which would have allowed AJE to monetize its content through exclusive access to premium subscribers.

---

[1] In fact, the record in this matter demonstrates that SoundCloud, not AJE, was overly aggressive from inception including multiple amendments of academic declaratory judgment claims that overlapped in their entirety with AJE's claims against SoundCloud, motions to dismiss for forum non-conveniens and unnecessary and cumulative depositions. SoundCloud's litigation conduct is even more bewildering if, as SoundCloud asserts, the issue of calculating works infringed for purposes of statutory damages were so clear.

After the launch of SoundCloud's subscription service in 2016, AJE was shocked to learn its content was available to premium subscribers for tethered downloads, which was not a feature available to any user prior to the introduction of the subscription service. What troubled AJE was not that its content was available for streaming, as such feature had already been publicly available for free for several years. Rather, it was that SoundCloud's premium – *i.e.* paying – subscribers could download AJE's content through tethered downloads, which allowed for offline performance of AJE's copyrighted works. AJE learned that, so long as a user continued to pay the monthly fee to SoundCloud, downloads of AJE's content would remain on the user's external device for offline listening but, if the user ceased paying the monthly fee to SoundCloud, the downloaded recording would expire and be removed from the user's device. This suggests that, while AJE's content was not exclusive to the premium service (since the parties never executed a commercial agreement), at least some benefit existed to paying subscribers by having uninterrupted access to the tethered download of AJE's content so long as they continued paying for the service. This feature did not exist before the 2016 launch of the subscription service and forms, in part, AJE's basis for believing that SoundCloud engaged in copyright infringement and/or monetized AJE's copyrighted works. Moreover, SoundCloud's unwillingness to produce certain materials requested in discovery made the process of resolving the scope of the license at issue more difficult.

At the time, AJE was not aware that it purportedly had the ability to exercise any control over this new feature, especially since it did not have a commercial agreement with SoundCloud for the premium service. In light of this, AJE believed that, by providing a platform for its users to access and perform AJE's works in a manner not previously contemplated or agreed upon, SoundCloud was infringing AJE's copyrighted works. As a result, AJE initiated this lawsuit.

AJE understands that the Court is well aware of the procedural history in this case. For the reasons stated in AJE's Motion for Leave to File Supplemental Opposition to Defendants' Motion for Award Attorney's Fees and Full Costs and Supporting Memorandum, filed concurrently herewith, AJE respectfully asks the Court to consider this Supplemental Response as further support for its Opposition to SoundCloud's Motion for Award of Attorney's Fees and Full Costs (Dkt. 160 - 164).

ARGUMENT

**I.      Legal Standard**

SoundCloud moved for attorney's fees under 17 U.S.C. § 505 of The Copyright Act, which states:

> In any civil action under this title, the court *in its discretion may* allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a *reasonable* attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (emphasis added). Attorney fees are not awarded in copyright cases as a matter of course. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533-34, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534.

"The discretion to grant attorney fees in copyright infringement cases is to be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act, 17 U.S.C.S. § 101 et seq." *Bridgeport Music, Inc. v. Yella Muzick*, 99 Fed. Appx. 686, 688, 2004 U.S. App. LEXIS 10602, *1, Copy. L. Rep. (CCH) P28, 828. Several nonexclusive factors may be considered when deciding whether to award fees to prevailing parties, so long as the factors "are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an
0110932

evenhanded manner." *Id.* Those factors include: frivolousness, motivation, objective reasonableness (with respect to both factual and legal components) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.*

## II. Objective Reasonableness of Claims is Given Substantial Weight in Fee Award Considerations.

While prevailing plaintiffs and defendants are to be treated evenly when considering an award of attorneys' fees in a copyright infringement action, and the Sixth Circuit has set forth several factors to consider when assessing such fee awards under § 505, the Supreme Court has held that courts are to give "*substantial* weight to the *objective* reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016)(emphasis added). This is because a party should not be penalized where it advances reasonable arguments in support of its claims which later turn out to be unsuccessful. *See id.* Indeed, although not the case here, courts may deny fees even where the losing party makes unreasonable arguments. *See id.; Fogerty*, 510 U.S. 517.

    a.   <u>*AJE's Litigation Position Was Objectively Reasonable*</u>

Analyzing a fee award in this case requires consideration of AJE's legal and factual bases for bringing its claims against SoundCloud, which reveal AJE's objectively reasonable litigation position and should preclude an award of fees and costs to SoundCloud. The issue of liability should not be confused with the issue of reasonableness here: whether AJE was successful in proving SoundCloud engaged in copyright infringement and whether AJE made serious arguments in furtherance of its claims are two distinct questions. *See Kirtsaeng*, 136 S. Ct. at 1988. Moreover, AJE's position on the calculation of statutory damages based on the number of works infringed that maintain their own separate economic value and copyright is consistent with federal law, as a circuit split currently exists on this issue.

> The U.S. Courts of Appeals are split in determining what constitutes a "compilation" or "one work" for purposes of statutory damages. The Second and Fourth Circuits follow a strict "registration determinative" test which more strictly follows the language of the statute. Under this test, only one statutory damages award is available per compilation. The First, Ninth, Eleventh, and D.C. Circuits employ a "separate economic value test," which allows a plaintiff to receive multiple statutory damages awards if part of the compilation copied "has an independent economic value and is, in itself, viable." The Tenth Circuit has not addressed this issue.

*Energy Intelligence Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1369-1370 (D. Kan. 2018).

Although AJE's claims did not ultimately amount to a finding of infringement, its position was nonetheless reasonable; particularly based on (i) AJE's understanding of how SoundCloud was exploiting AJE's content and (ii) AJE's lack of awareness regarding the extent of control it allegedly possessed over *all* of SoundCloud's users' access to certain content – including premium subscribers – and considering AJE made SoundCloud aware from the onset of parties' relationship that AJE had no desire to monetize its content on the SoundCloud platform through commercial exploitation. *See Fogerty v. MGM Group Holdings Corp.,* 379 F.3d 348, 357, 2004 U.S. App. LEXIS 15901, *24, 2004 FED App. 0256P (6th Cir.), 16, 71 U.S.P.Q.2D (BNA) 1820, 1826, Copy. L. Rep. (CCH) P28, 839 ("While plaintiffs' claim ultimately proved meritless, that does not make it 'objectively unreasonable' as a matter of law or fact.").

This is not a case where AJE vigorously asserted an objectively unreasonable litigation position and all factors weigh against AJE. *See BMG Rights Management (US), LLC v. Cox Communications, Inc.,* 2017 U.S. Dist. LEXIS 21001 (E.D. Va. Feb. 14, 2017) (Awarding plaintiff $25 million in fees (later reduced) upon finding defendant's defenses objectively unreasonable and that all factors weighed against defendants in fee analysis). Instead, this is a case where AJE had a bona-fide belief that SoundCloud was infringing AJE's copyrights, based on its understanding

of the scope of the parties' agreement and the functionality features offered to premium subscribers as an inducement to subscribe, including tethered downloads. Indeed, upon learning that all of its content was capable of being performed by way of tethered downloads, AJE contacted all co-owners of the musical compositions at issue to confirm whether those owners had granted a separate license to SoundCloud in connection with those works, which they had not. AJE's conduct underscores the lack of improper motive and highlights AJE's good faith. Punishing AJE for its reasonable position by awarding fees to SoundCloud does not further the purposes of the Copyright Act. *See Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001) ("The imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.").

Notably, "not all unsuccessful litigated claims are objectively unreasonable." *CK Co. v. Burger King Corp.,* No. 92 Civ. 1488(CSH), 1995 U.S. Dist. LEXIS 823, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995). This case – and AJE's reasonable conduct – is comparable to and/or even more reasonable than to a number of cases across all circuits addressing the issue of objective reasonableness of a losing party's position when faced with a fee claim under § 505 where fee awards were not granted.

In *Reinhardt v. Wal-Mart Stores, Inc.*, the District court denied defendants' motion for attorneys' fees, finding that plaintiff's action for copyright infringement (based upon defendants' alleged use of plaintiff's musical compositions in digital format without his permission) was not "objectively unreasonable," plaintiff did not act in "bad faith" or with "improper purpose," and "goals of compensation and deterrence" did not warrant award of attorneys' fees. *Reinhardt v. Wal-Mart Stores, Inc.,* No. 07-8233, 2008 U.S. Dist. LEXIS 52554 (S.D.N.Y. July 10, 2008). There, Plaintiff, former member of rock band The Ramones, licensed rights to certain

compositions to defendants pursuant to agreement between parties. *Id.* Plaintiff subsequently sued defendants, alleging his copyright was infringed by defendants' exploitation of his compositions in digital format, in violation of parties' agreement. *Id.* The court dismissed plaintiff's action for copyright infringement on ground that plain language of contract authorized defendants' digital uses of plaintiff's compositions. *Id.* Defendants then moved for attorneys' fees, arguing that plaintiff's claim was factually and legally unreasonable and, moreover, legal fees were necessary for compensation and deterrence against this "unreasonably litigious" plaintiff. *Id.* Rejecting defendants' arguments, the court found that, although underlying contract was clear and unambiguous, plaintiff's claims were not objectively unreasonable. *Id.* Further, because plaintiff did not act in bad faith, with improper motivation, or objectively unreasonably, goals of compensation and deterrence did not support award of attorneys' fees, regardless of plaintiff's alleged litigious nature. *Id.*

In *Bridgeport Music, Inc. v. Yella Muzick*, the Sixth Circuit affirmed denial of attorneys' fees award against plaintiffs who continued to litigate the matter in preparation for trial (until losing on summary judgment) even in the face of discovering an express license granting the very rights plaintiff alleged defendants had infringed. *Bridgeport Music, Inc. v. Yella Muzick*, 99 Fed. Appx. 686, 694-695, 2004 U.S. App. LEXIS 10602, *22-23, Copy. L. Rep. (CCH) P28, 828.

In *Fogerty,* the Sixth Circuit reversed an award of attorneys' fees against plaintiffs even where plaintiffs' claims were found to be devoid of merit and summary judgment had been entered in favor of defendants. *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d at 357.

In *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, where plaintiff successfully sued defendants for copyright infringement for copying plaintiff's software, the district court denied any fee award because the defense position was not frivolous or objectively unreasonable,

defendants lacked improper motivation, and declining to award attorney's fees in this case was not inconsistent with the primary objective of the Copyright Act. *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 529 F. Supp. 2d 800, 801, 2007 U.S. Dist. LEXIS 95840, *1. *See also Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013)(Although plaintiff was unsuccessful on its copyright infringement claim, "[t]here is simply no reason to believe that [plaintiff] 'should have known from the outset that [its] chances of success in this case were slim to none.'"); *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1014 (8th Cir. 2006) (finding the district court did not abuse its discretion in denying an attorneys' fee award); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987) (affirming determination to not award fees when the district court found the plaintiff had not acted in bad faith and that her complaint was colorable and not baseless); *Janik v. SMG Media, Inc.,* 2018 U.S. Dist. LEXIS 4567, *17, Copy. L. Rep. (CCH) P31, 209, 2018 WL 345111 ("A plaintiff's failure to prevail on a particular claim does not necessarily render his position unreasonable."); *Viva Video, Inc. v. Cabrera*, 9 Fed. Appx. 77, 80, 2001 U.S. App. LEXIS 10998, *8 (Plaintiff's "inability to substantiate any of its allegations certainly *could* have led the District Court to award fees; but that inability does not as a matter of law *require* an award of fees, given the court's finding that [plaintiff's] action had some support at the time it was initiated.").

In light of the substantial weight provided objective reasonableness, and AJE's litigation position as described herein, AJE respectfully submits that its claims, while unsuccessful, had a reasonable basis in law and in fact. Accordingly, AJE respectfully requests that the Court deny SoundCloud's application for over $2.8 million in attorneys' fees.

IV. <u>CONCLUSION</u>

AJE maintained an objectively reasonable litigation position in pursuing what it truly believed were valid claims of copyright infringement and should not be punished with a fee award

in excess of $2.8 million simply because it was unsuccessful in asserting its claims against SoundCloud. Considering the lack of any bad faith, improper motive, overaggressive tactics, and frivolousness on behalf of AJE, a fee award against AJE in this matter is not warranted.

In the alternative, should the Court determine that SoundCloud is entitled to recovery of its attorneys' fees, AJE respectfully submits that such award should be significantly reduced to account for market rates in this District multiplied by a number of hours a reasonable attorney or attorneys (not a team of 24, *see* Dkt. 161, pp. 18-19) would have spent litigating this case, as well as a reduction in the unnecessary costs SoundCloud seeks to recover (*e.g.* $37, 289.82 for a "graphics consultant" Dkt. 161, p. 24). SoundCloud is misguided in its presumption that it is not only entitled to fees, but also permitted to calculate the fee total utilizing exorbitant rates that far exceed what is reasonable in this district, multiplied by an excessive number of hours of work, and including substantial and unreasonable costs. As a result, AJE respectfully submits that any grant of fees should be considerably less than what SoundCloud seeks to be awarded and reduced to an amount that is "reasonable," as required by 17 U.S.C. § 505.

Respectfully submitted,

/s/ Chris L. Vlahos
Chris L. Vlahos (BPR No. 20318)
Jenna L. Harris (BPR No. 31150)
Ritholz Levy Fields LLP
1221 6th Avenue North
Nashville, TN 37208
cvlahos@rlfllp.com
jharris@rlfllp.com

*Counsel for Average Joe's Entertainment Group, LLC.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Andrew P. Bridges**
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500
Fax: (650) 938-5200
Email: abridges@fenwick.com

**Ciara N. McHale**
Fenwick & West LLP (San Francisco Office)
555 California Street
12th Floor
San Francisco, CA 94104
(415) 875-2300
Fax: (415) 281-1350
Email: cmchale@fenwick.com

**Guinevere L. Jobson**
Fenwick & West LLP (San Francisco Office)
555 California Street
12th Floor
San Francisco, CA 94104
(415) 875-2300
Fax: (415) 281-1350
Email: gjobson@fenwick.com

**Richard G. Sanders, Jr.**
Aaron & Sanders PLLC
605 Berry Rd.
Suite A
Nashville, TN 37204
(615) 734-1188
Fax: (615) 250-9807
Email: rick@aaronsanderslaw.com

*Counsel for SoundCloud, Ltd.*

/s/ Chris L. Vlahos